*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0677**

State of Minnesota,
Respondent,

vs.

Todd Allen Turchin,
Appellant.

**Filed March 21, 2016
Affirmed
Hooten, Judge**

Ramsey County District Court
File No. 62-CR-13-5647

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Peter Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Workman Jesness, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

On appeal from his conviction of fifth-degree possession of a controlled substance, appellant argues that the district court abused its discretion by excluding his statements to

police at the time of his arrest on the grounds that the statements were self-serving hearsay. We affirm.

## FACTS

In August 2013, appellant Todd Allen Turchin was charged with fifth-degree possession of a controlled substance. A jury trial was held in December 2014. The following facts were established at trial.

On January 8, 2013, around 1:00 a.m., St. Paul Police Officers Brian Nowicki and Eric Kammerer initiated a traffic stop on a vehicle that they suspected was stolen. The officers approached the vehicle and observed that Turchin was sitting in the driver's seat and a passenger was sitting in the front passenger's seat. Officer Nowicki approached the driver's side of the vehicle and noticed that Turchin "had a pair of black gloves in his hands that he was moving on his lap, as well as . . . in between his legs," which Turchin eventually set down near the emergency brake. Officer Nowicki testified that Turchin held the gloves nervously. Officer Kammerer, who approached the passenger side of the vehicle, testified that the passenger did not handle the gloves. Officer Nowicki asked Turchin to step out of the vehicle and placed him in the squad car. The officers verified that the vehicle was stolen and proceeded to search the vehicle. While searching the vehicle, Officer Nowicki felt a lump in the fingertip of one of the gloves that Turchin had been holding. Inside the glove, Officer Nowicki found two small plastic bags containing a crystalline substance, which was later determined to be methamphetamine. Officer Nowicki then arrested Turchin.

At the conclusion of the trial, the jury found Turchin guilty, and he was sentenced to 18 months in prison. This appeal followed.

**D E C I S I O N**

Turchin argues that the district court abused its discretion by excluding his statements to the police at the time of his arrest. We will not overturn a district court's evidentiary rulings "absent a clear abuse of discretion." *State v. Richardson*, 670 N.W.2d 267, 277 (Minn. 2003).

Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted," and hearsay is not admissible unless an exception applies. Minn. R. Evid. 801(c), 802. In the hearsay context, a statement is "(1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Minn. R. Evid. 801(a). Self-serving hearsay is the defendant's own out-of-court statement that is offered by the defendant through evidence other than the defendant's own testimony. *See State v. Taylor*, 258 N.W.2d 615, 622 (Minn. 1977). Self-serving hearsay is not admissible under the Minnesota Rules of Evidence because "[t]o permit the introduction of such statements could afford a defendant the opportunity to present his version of the facts without ever being subject to cross-examination by the state." *Id.*

Prior to trial, the state brought a motion in limine to prohibit defense counsel from introducing any of Turchin's statements to Officers Nowicki and Kammerer at the time of his arrest on the grounds that such statements constituted self-serving hearsay. The district court reserved ruling on the motion and stated that it would consider any objections in the context of the specific questions asked of the officers on cross-examination.

3

During defense counsel's cross-examination of the officers, the district court sustained three of the prosecutor's objections on self-serving hearsay grounds. The first two instances occurred during defense counsel's cross-examination of Officer Nowicki:

> Q: Okay. And when you were interacting with Mr. Turchin, he was quite visibly confused, wasn't he?
> A: He appeared to be, yes.
> Q: He kept *saying* things along the lines of, "What the hell did she do[?]"; correct?
> [PROSECUTOR]: Objection, self-serving hearsay.
> THE COURT: Sustained.
> BY [DEFENSE COUNSEL]:
> Q: He was visibly confused; correct?
> A: He appeared to be, yes.
> Q: He was asking a lot of questions?
> A: He was.
> Q: He didn't seem to understand what was going on?
> A: He didn't seem to, no.
> Q: And you directly said that there was a substance that you suspected was methamphetamine in the gloves; correct?
> A: Yes.
> . . . .
> Q: He kept *expressing* confusion and bewilderment at that possibility; correct?
> A: Yes.
> [PROSECUTOR]: Objection.
> THE COURT: Sustained.

(Emphasis added.)

The third instance occurred during defense counsel's cross-examination of Officer Kammerer:

> Q: [O]ne of the reasons that the vehicle was initially stopped was because there was a mismatch between the license plate and the vehicle; correct?
> A: That is correct.
> Q: Okay. And Mr. Turchin *expressed* confusion at this, did he not?
> [PROSECUTOR]: Objection, self-serving hearsay.
> THE COURT: Sustained.

(Emphasis added.)

Turchin first argues that defense counsel's questions "did not call for self-serving hearsay" because defense counsel sought only to elicit evidence of Turchin's "confused behavior," not his statements. This argument is unpersuasive. Defense counsel was trying to elicit Turchin's *statements* from the officers, not observations of his non-assertive behavior, because defense counsel asked what Turchin was "saying" and "expressing." Indeed, Officer Nowicki's testimony about Turchin's *behavior* was admitted into evidence, as Officer Nowicki testified that, upon being arrested, Turchin appeared to be visibly confused, asked a lot of questions, and did not seem to understand what was going on.

Turchin next argues that the district court, by sustaining the prosecutor's objections, impeded his ability to present a complete defense. "Every criminal defendant has a right to fundamental fairness and to be afforded a meaningful opportunity to present a complete defense." *State v. Crims*, 540 N.W.2d 860, 865 (Minn. App. 1995) (quotation omitted), *review denied* (Minn. Jan. 23, 1996). "The right to present a defense includes the opportunity to develop the defendant's version of the facts . . . ." *Id.* "To vindicate these rights, courts must allow defendants to present evidence that is material and favorable to their theory of the case." *Id.* at 866. But, in developing their own version of the facts, defendants "must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *State v. Richards*, 495 N.W.2d 187, 195 (Minn. 1992) (quotation omitted).

Essentially, Turchin argues that the rule of evidence prohibiting a defendant from introducing self-serving hearsay does not apply to him, but he is mistaken. Turchin does not have the right to circumvent the Minnesota Rules of Evidence, *see id.*, and his right to

5

present a complete defense was not infringed in this case. Turchin was allowed to advance his theory of the case, which was that his surprised and confused demeanor established reasonable doubt as to his knowledge of the drugs that were found inside the gloves that he possessed. One way that he advanced this theory was by cross-examining Officer Nowicki regarding his confused behavior at the scene of the traffic stop.

**Affirmed.**